Oral argument at the state 15 minutes per side, Mr. President. I'd like to reserve two minutes for rebuttal. You may. May it please the court, my name is Maris Liss. I represent George Gonzalez-Garcia. Thank you for sending me a notice to appear in court on this date, at this time. I appreciate the privilege of oral argument. This case has two parts, and I plan to mostly discuss why you should throw out matter of Camarillo, unless you take me in a different direction. I understand that even if you throw out matter of Camarillo, my client would still lose unless you find there were trumped up charges, or perhaps remand the case to the board to consider whether trumped up charges is a basis for nullifying the initial notice, whether amended charges can serve as a stop time, and what standard of diligence the Department of Homeland Security, DHS, should take in creating charges. And now I'm going to start my main argument. Everyone in this courtroom is invited to my birthday party, and I brought an invitation. It says, come to Maris's 50th birthday party, cupcakes and ice cream. Brain teaser question, how many people, how many cupcakes should I order from the caterer? Only one, because I didn't give you proper notice of the date and time to appear at my party. There are several levels of statutory interpretation argument, and the first one is the plain meaning of the statute. When it says notice to appear, and it wasn't in quotes, it wasn't with initial capital letters, it was all lower case, to appear has to mean something, and in fact Congress had amended the prior statute, the previous similar relief was called suspension of deportation, and when the statute was amended, it was changed, the notice was changed from order to show cause to notice to appear, and it added the requirement of having the date and time on the notice. So tell me, I'm just curious administratively in terms of how this area of the law works. Is it possible that, this may not affect how you interpret the statute, but is it possible that one group, Department of Homeland Security, in charge of identifying people that are not in the country properly, but they're not necessarily the group that sets the time and date of a hearing, so is it possible that one thing that's going on, maybe it doesn't have any impact on the Chevron question, but just practically speaking, is that one possible reason why the invitation to the so-called birthday party wouldn't have the date and time of hearing? I mean it may be their own fault, that might be your answer, but I'm just wondering if that could explain how this happens. In matter of Camarillo, for example, DHS served a notice to appear on the alien, but didn't actually file the notice to appear in court, asking for the hearing to be scheduled. And that is very common, that DHS serves a notice to appear, and I'm using this word, sits on it. In fact, there was a Ninth Circuit case that was cited in the briefs. That's not usually bad, from your client's perspective, right? It is very bad. Why? I mean it's only detained, which he was detained here, wasn't he? Okay, I'm coming in late in the case, but there's a situation that people who have exceptional and extremely unusual hardship, they often want to be in the removal proceedings because you cannot apply affirmatively for cancellation of removal unless you are before the judge. And in connection with applying for it, you get employment authorization. People don't want to be in limbo. People who feel that they have exceptional and extremely unusual hardship, they want to legalize their presence. And so, for example, I hope that you got the letter that I sent you about the legislative history. A lot of what I think this is unethical, but a common thing that people do, is that they will file what the legislative history calls meritless asylum. That tells us about asylum. No, no, no, but the reason that they do that is to get into proceedings so that when they get before the judge, they can withdraw the asylum application and apply for cancellation. Look, here counsel, correct me if I'm wrong on the facts. In effect, he stopped for traffic problems. For whatever reason, they think he's got immigration problems. He gets the notice to appear that day. Now, they don't set the hearing an actual date for about six weeks, although that's still within the ten years. The real question is, for these purposes, is the function of the notice to appear, or the reason that it's important, to give him certain types of notice or, in fact, to stop the time? You've got his worries, which if it were trumped up, you might have an argument. But you've got the government's side, which is, you don't want our bureaucratic delays to let him get this, in effect, unearned time of legal presence. And the notice to appear sort of indicates, you know, we've got you on the hook now. Isn't that what happens? That's not exactly what happens. What I believe happens is that DHS serves a notice to appear and then exercises prosecutorial discretion, which is normally considered a good thing, not to put the person in proceedings. And only when they file it in court, which, for example, in this case, the day that DHS... When you say court, you mean an immigration court. An immigration court. The day that they filed it in immigration court was the exact day that the court sent out the notice. There's no problem with the court sending out notices. The issue is that DHS sometimes decides not to file their notices in court, even when aliens are asking for the notices to be filed in court. But am I right that in this case, the date that was initially set was still within his 10 years? It was then a venue and postponed, but the initial hearing, it was just the same as if he'd gotten it with the right date on it. Right. That's why I say that... Why isn't this just purely technical? Why isn't this like an indictment where you say, well, they had a typo on the statute or they didn't put my middle initial in. He got a notice to appear. He knew he had problems. They had a date that was set pretty promptly. So why should he get pushed beyond the 10 years? Well, there is a case that I cited in the last paragraph of my three-page letter brief on the August 9th question, which is called Matter of Pena Diaz, which basically says that when DHS exercises prosecutorial discretion not to push someone out of the country, the equities that they accrue during the period of the favorable discretion actually should be weighed more rather than less. Now, Pena Diaz is a little bit different because that would be a situation where somebody actually... That was a situation where somebody actually had a removal order, which was not executed. Maybe... Here there was no real exercise of discretion. They set a hearing within six weeks, right? In this particular case, that's correct. But the decision that you're going to make is going to affect a lot of people. And I know that you don't give advisory opinions, but I know that you also think about all the repercussions of your decision, and I'm afraid that it could harm a lot of people who have had notices served, and then DHS decides not to pursue it. Isn't that something... You know, we started out, well, you want us to throw out Camarillo. Well, that really isn't our function. We could decide that Camarillo isn't entitled to deference, but aren't these kinds of things that BIA is best suited to address rather than us rewriting a statute or a precedential case? Okay, I have a two-part answer. One part is that... Let me just talk about what the facts were in Camarillo. I think that Camarillo was a lawful permanent resident, and she wanted to show she had seven years of presence because that's the requirement for lawful permanent residence. DHS had not filed the notice to appear in court for two years. Why? Maybe it's because she had a lot of hardship because what happened was at the hearing, the immigration judge found she had enough hardship, which has to be extreme hardship, but the trial attorney was going to go on appeal to challenge when the stop time is. Now, it could be that it was a favorable exercise of discretion to let this lady, who was going to suffer extreme hardship, accrue the extra time, and a different person working at DHS who did the trial, who's very enthusiastic like me and likes to win and doesn't give up, he decided to appeal when the person was granted cancellation removal. So I think that there definitely is discretion involved in whether to pursue filing the NTA in court. And the second part is that there's a longstanding doctrine of lenity in alien-friendly reading of statutes. This statute particularly is written for people who have an unbelievably high amount of hardship. For non-lawful permanent residents, you have to have exceptional and extremely unusual hardship. Usually that's the difficult thing to prove because every hardship somebody says, oh, well, everybody has that hardship when their father or mother is deported or their spouse is deported. To get to exceptional and extremely unusual, those are the cases that you see all the time, which you have to dismiss because you don't have jurisdiction to consider discretionary decisions. So since this was written to help the most unfortunate hard luck cases, I think you have to reject the reading of the statute. And I gave you examples in my brief that the board itself has a history of alien-friendly reading of statutes. And what the board has done here is instead of giving the alien the benefit of the doubt, they've turned it on their head and like Alice through the looking glass, they've changed the benefit of the doubt to the doubt that an alien should have a benefit. I just want to look at my notes to see. I also want to mention that there's another statutory construction rule that there shouldn't be surplusage in the words of a statute that every word has meaning. Congress could have written a statute that said when an alien is served with a notice under 239B, then the stop time. But they said when an alien is served with a notice to appear under 239B, etc. Why is it surplusage? I mean, it seems like a good idea to... Here's the question. It's a good idea to lay out what the notice to appear should contain. That's fair. But it doesn't answer the question of whether the notice, even an incomplete notice, stops the 10-year clock. So, I mean, I don't know why that creates surplusage. It creates surplusage because you can't appear somewhere if you don't know the date and time to appear. But, I mean, the point is there might be a practical reason for not having the original notice. I mean, you're going to get the notice. The point is whether it's in the initial document or a follow-up document because maybe they couldn't schedule it. There's a long queue. There's no practical difficulty in scheduling a hearing. The only question is what date is your hearing going to be? Maybe your hearing is... If they give you a notice to appear the same day, the DHS agent who gives him the notice to appear the same day he's stopped for a traffic stop, he doesn't have the docket in front of him. It's not a question of even a queue. It's just practically... I think that there are ways to finesse that with telephones and computers. And on top of that... You know what will happen is they'll just put 60 days out. Just every time they'll put 60 days out and then they'll send you an amended notice. We've moved it to 90 days out. I mean, that's what will happen here. There's no way they can give you the actual notice at that time. I don't see it. I'll take the 60 days. Let them do it the right way. Let's have an alien-friendly reading of the statue. Counselor, your time's up. You have 2 minutes for rebuttal. Thank you. You may proceed. Thank you, Your Honor. May it please the Court, Stephanie Hennis for the respondent. In matter of Camarillo, the Board concluded that the statue providing the stop-time rule is ambiguous because, as Judge Sutton pointed out earlier, served a notice to appear under 239A could be interpreted in different ways. It doesn't actually speak to whether... if there is something that's missing. There must be a limit to this argument, don't you think? I mean, I can imagine a world in which Camarillo fits within Chevron and they get deference about saying, well, when the notice doesn't identify the date and time of hearing, that still counts as notice for purposes of the 10-year clock. But what happens when the notice starts to not have a lot of other things? How do we deal with that? Do you think this Camarillo rule only applies to failure to include the date and time of hearing in place of hearing, or do you think it actually covers, you know, half of the things that are supposed to be in the notice? Could half of them be missing and it still count for purposes of stopping the clock? Well, I don't know if half of them can be missing. Well, how do we deal with this problem? I mean, one simple answer is to say, well, no, the notice really normally should include everything to count for stopping the clock, but date, time of hearing will forgive. I'm trying to figure out how to think about that. I understand, Your Honor. The important thing to look at here is whether the alien has enough information in that notice to appear to understand that the government has the belief that he is in the country illegally and is going to be seeking his removal from the country. Now, in this case, the court's looking at a situation in which the notice to appear didn't include the date and time of the hearing, and while it did include the factual allegations and the proposed charge of removability, it was later determined that that wasn't sustainable. In that situation, when DHS served the petitioner with his notice to appear,  it was later determined that the government was seeking his removal from the United States. Even though the reason stated for seeking his removal was incorrect? Yes, Your Honor. Well, first, let me start off with the fact that Mr. Gonzalez has never suggested that he isn't, in fact, removable from the United States. This is not a situation in which the government thought that he had some legal basis for being in the United States at this time, and in the end, that didn't come to fruition. The charge that was provided in the notice to appear, again, did exactly what it should have. He went to his immigration court hearing. At his immigration court hearing, through his attorney, he brought up the fact that he didn't think that that charge was correct, and there was a discussion that went on about that. In the end, the flexible approach to immigration proceedings, which is something we mentioned in our brief, shows that this notice to appear did provide Mr. Gonzalez with what Congress wanted him to know in order to stop his accrual of physical presence in the United States. In the regulations, it gives the government the ability to provide additional or substitute charges of removability. The legislative history shows that the government rejected the notion that all of the charges needed to be brought at once. Is this similar to simply having an indictment and then having a superseding indictment? I would say yes, Your Honor. Certainly indicted, even if it turns out that you're later acquitted or the charges are dropped. Exactly, exactly. And that's actually a decent comparison in that someone who is served a notice to appear and ultimately beats all of the charges that could be issued against him is not going to be in a situation where he would like to avail himself of any type of... Well, are there any cases does the stop time still get stopped? Let's imagine a case where a person has five years of residence. He's served with a notice to appear, completely legitimate. Time is clearly stopped. He beats that charge after a year. Then he gets four more years of continuous residence. Does that stop time still get stopped? That is, simply because you're acquitted, you still got the notice of appearance and time was stopped. Is there any law on that in the BIA? Was the charge that was brought a few years later something that would have made him removable at the time that they initially beat the charge? Well, my first hypothetical would be that it's a different charge and it's completely legitimate. Just the question, was the time stopped, was the time unstopped because he was acquitted or dismissed? If you don't know the answer, that's fine. I just thought maybe there was a quick answer. I don't actually know the answer to that. One way of looking at it and query is that Camarillo and the theory here is when the notice to appear, you know you're in trouble, you know you're before the court, we don't want the time to keep accruing. That's the simple-minded view on the one side. The other side is the alien-friendly reading that Ms. Liss argues for and seems like Camarillo has come down on one side of that for better or worse. That's in fact true. Tell us why it's entitled to Chevron deference because maybe that's the answer here. It doesn't matter what we think the best reading is until we get over the Chevron point. That's true. So under Chevron, since there is an ambiguity in the statute, it doesn't actually get to the situation where the NTA is missing certain information. The board did reasonably interpret the statute in this case. It began with the terms of the statute. It explains that the statute read served an NTA under Section 239A. Now all of Section 239A, that includes requirements other than what is actually supposed to be included in the NTA. It includes information about a change in the hearing date. Why don't you have a problem at step one? I mean it does say it served a notice to appear, and then it then tells you under Section 1229A. Someone reading this has no idea what that means. We know it's not just a piece of paper. It stops if you're served with an X something. Then later on they tell us what something is. It's not just a piece of paper. It's a piece of paper with four corners and these eight provisions, or whatever the actual number is. And if it has all of those, then it is, quote, a notice to appear. Why isn't that a step one Chevron problem? Because you're just explaining what one interpretation of the statute could be. You are, in fact, correct. As the Board pointed out, the explanation that you've just provided is a plausible one. However, the Board said that the better interpretation recognized that the reference to 239A simply pointed out that that was the document that needed to be served. What's strange to me is that, and this is why I asked the initial question, is you seem to be conceding, and I assume the Board would concede, that just serving a piece of paper would not work. It has to be something that is, quote, notice to appear as defined in this section. And I'm going to guess, because you're going to want to be reasonable, it has to include most of those things. So it's funny, I'm just trying to figure out linguistically, it's very funny to start down the road of, no, it's not just a piece of paper, it's not just anything, it's this thing. Oh, but by the way, this thing has to include most everything, but not everything. I'm just trying to figure out, it doesn't help me to say that's a reasonable interpretation. My real question is, is that the only reasonable interpretation? That's what I'm trying to figure out. What I just said, yeah. No, it's not the only reasonable interpretation of the statute. And actually two Circuit Courts of Appeals have actually also concluded that the— No, I mean I read Judge Wood's opinion, and that's a great opinion, and it may well be right. But I'm still trying to figure this. She does not answer the question I'm asking, which is, it says, it doesn't just say piece of paper. It says this legal phrase, which it chooses to not leave there. It could have left it there, in which case you would easily win. You'd surely have Chevron deference. It says, no, this legal phrase under here, and the under here has whatever it is. What is it, eight, nine, how many things in it? There are several requirements. Okay, so we know, because you're going to agree, some of them have to be there. The Board can't possibly have deference to get rid of them all. Exactly, and that's what I was pointing out previously, that this is not a situation in which the government, in which DHS served the petitioner with a blank piece of paper. They served him with a notice to appear. They served him with something that laid out charges. When you say a notice, am I right? This was a particular government form called a notice to appear. It just has some blanks in it. So it has whatever else it says that you are hereby notified that you're in various trouble, and then it has blanks for the date and for the particular charge, which is filled out, just happens to be amended later. Is that right? That's right, Your Honor. There was some talk about whether it didn't say notice to appear at the top. I didn't look at it, but a government form almost always. Government forms do indicate, actually, when we refer to them, it will say form, and it will have the I. Camarillo itself calls it form I-862 that says notice to appear. Does it not? I don't know. I haven't looked at it. It does. It does. So my earlier questions to counsel on the other side showed my understanding of the practical reasons why the time and date to appear wouldn't be there, so I totally get that. But again, I'm just back to the language of the statute. If we say this is a world in which you don't need to meet everything, you can put some of these things on, but you don't have to put everything on, isn't it kind of funny that the word is notice to appear, and the one thing you're saying you don't need is the absolute necessity to ever appear? I mean, this is why her birthday party point is a nice point. I mean, it's a notice to appear. At her birthday party, which is what she indicated with her date. Yeah, but you can't know how to appear anywhere if you don't get time and date. So I'm saying if you agree we're in a world where you don't have to have everything filled out, I'm now starting to ask you, despite how silly it would be as a matter of implementation of the law, but the word is notice to appear, and that's the one thing you can't do with this kind of notice. So it's like the first thing you have to have is date and time. Well, they are telling him that he needs to appear for a hearing, and he will later be informed of the date and time of it. Just like in Ms. Liss's example, she informed her potential party goers that they will be able to appear for a party. That's what this notice did in this case. My concern was with your earlier example. It sounded almost as if you were saying the notice to appear can be a placeholder because Judge Boggs posited a five years into the ten years and frivolous charge, and your answer was, well, when they found out what the real charge was later, then was it a real charge? Well, if that's the argument, then any piece of paper put down becomes simply a placeholder to give the government the opportunity at whatever time desired to come back and seek out a real reason. Surely a notice to appear cannot do it. That can't be your argument. I apologize if there is any confusion. That was not, in fact, my argument. I was just trying to find what the contours of Judge Boggs' argument or what his question was. And the contours, though, in your answer have to matter because not every case that comes before us is going to be a date-time issue. The next case is going to be what might be claimed here a trumped-up charge issue or an incorrect charge of which you are positively and absolutely cleared, which is Judge Boggs' very good question. Then what happens? You are completely cleared in the fifth year, and then in the twelfth year they find something else that gets you. Has the time already been stopped at the fifth year? No. So what is the parameter that you would suggest you want to be discerned in this case? At the time that the individual received the notice to appear, he was, in fact, removable. The government was correct in believing that he was removable. It ended up not being true that he was removable on the particular charge that was issued, but at that time he was, in fact, removable from the United States. That would mean, though, if I charge you incorrectly in the fifth year and in the twelfth year I figure out you are, in fact, removable, under your argument that's good enough. They can always put a placeholder in as long as they figure out a correct reason subsequently. My time is up. Go ahead and answer shortly. I apologize if I've created any sort of confusion here. I'm pointing out that the government is not using the NTA as a placeholder, as just a way to stop a clock and then come back ten years later. The government is using the NTA to, based on the information that it has available at that time, come forward and say to the alien, we believe that you are in the United States illegally. And if during the course of proceedings, even if those are unremanded proceedings from the circuit courts, as we pointed out in our brief, the fact still remains that at that time the government indicated its belief that the person was in the United States incorrectly. And the interpretation that I'm advancing is consistent with the legislative history saying that I think we get the point. Any other questions? Thank you. Ms. Liss, you have two minutes for rebuttal. I have two brief points. One is a thought about the last statement that Judge Sutton said to me. What if DHS just put 60 days' date into notices of peer and then subsequently have it changed? So I just want to say that once somebody gets a notice of appearance, they are in an immigration limbo. And there are some people that call the 800 number every day to see if their NTA has been filed in court yet because they want to apply for cancellation of removal. And as you know, there are cases where DHS has served NTAs and then six years later served another one and wanted to use the earlier one, like the Ordaz case in the Ninth Circuit that was ultimately remanded. So I just want to mention that. And then the other thing is please don't automatically accept the other circuits' opinions that are contrary to my position. And to keep in mind that we don't know what arguments were presented to those courts. I don't know if all the statutory arguments were presented. In my brief, I invited the government to tell me whether the cases in the Ninth Circuit, Garcia-Ramirez and the Second Circuit case, Guadalamiriga, was that presented to Urbina because it wasn't mentioned in the Urbina opinion from the Fourth Circuit. So I think that you should come to this independently. I've given many, many layered arguments. We're very independent. You started out by saying about, well, when it was filed in court, but is that either automatic or relevant? Suppose the DHS agent, as Judge Sutton says, puts 60 days from now. Does he have to file it in court to make it effective? Because he's not going to do that for two days, five days, ten days, is he, if he's out in El Paso. That doesn't make it effective, but if they put a court date on it, then they would presumably have to give it to the court. No, but eventually. It's a scheduling matter. That's what we talked about before. Okay, I just wanted to make sure it wasn't a legal requirement that it has to be in court before the alien gets it. Okay, anything else? Thank you, Counsel. Thank you very much. Thank you for accommodating my date. Case will be submitted. Clerk may adjourn court.